UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
November 25, 2016
David J. Bradley, Clerk

| | |
|---|---|
| JCD, Inc., | § |
|     Plaintiff, | § |
| versus | §    Civil Action H-16-2908 |
| Marriott Hotel Services, Inc., et al., | § |
|     Defendants. | § |

# Opinion on Judgment

1.    *Introduction.*

Despite a contract that forbade room transfers to other brokers, an agent resold its rooms as part of a group travel package. The hotel canceled the reservation. Because the agent breached the contract it is trying to enforce, it will take nothing.

2.    *Background.*

JCD, Inc., sells packages – tickets, travel, and rooms – to sporting events.

On February 6, 2013 – after the city of Houston was announced as a finalist to host Super Bowl LI – JCD contracted with Marriott Hotel Services, Inc., and Host Hotels and Resorts, Inc., for a block of rooms at the Marriott Galleria Hotel in Houston.

The agreement was for 150 rooms for three nights – later increased to 300 rooms for four nights by two addenda – and prohibited room transfers to anyone not associated with JCD.

3.    *Chronology.*

On March 24, 2016, JCD resold 240 rooms to another broker that further resold them to its consumers. JCD kept sixty rooms.

Eight weeks later, Marriott told JCD that it had canceled their agreement because it knew that JCD had resold the rooms to another broker, violating the no-transfer provision.

Three weeks after that, Marriott's event manager sent JCD a routine welcome message by electronic mail.

Two weeks later, Marriott reiterated to JCD that it had canceled their agreement because it knew that JCD had resold the rooms to another broker, violating the no-transfer provision.

On September 28, JCD sued Marriott for breach of contract.

4. *Breach.*

JCD says the agreement acknowledges that (a) its role is as an intermediary, and (b) it bought the rooms for resale. It argues that the no-transfer provision cannot apply to it and its transferees. Marriott knows JCD is an intermediary, but that role is limited to being an intermediary between Marriott and JCD's direct retail consumers.

The no-transfer provision is clear; JCD is not permitted to assign rights or obligations under the agreement or to resell or otherwise transfer reservations to anyone other than its direct retail consumers. When it resold the bulk of its rooms to another broker, JCD categorically violated the agreement's resale restriction. It cannot enforce a contract that it has materially breached.[1]

JCD complains that Marriott canceled its contract because it got a better deal from the National Football League. Assuming it did, a breach is not forgiven if the non-breaching party makes a better deal on its next contract.

5. *Waiver.*

JCD pleads that if it did breach the no-transfer provision, Marriott waived its breach. It relies on (a) its 2015 lawsuit against the Santa Clara Marriott, and (b) the July 13, 2016, welcome message.

To prevail, JCD must show that Marriott – through words or conduct – intended to no longer enforce this particular no-transfer provision.[2]

JCD's comparison to the Santa Clara Marriott suit is empty. That it settled after being sued is not evidence of Marriott's consent to future breaches in future contracts. A single litigated compromise cannot be a course of dealing.

---

[1] Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990).

[2] Rolison v. Puckett, 198 S.W.2d 74, 78 (Tex. 1946).

JCD also relies on the July 13, 2016, welcome message for support. It was sent by an event manager who had no authority to resurrect the agreement or waive JCD's breach. Assuming she did have the power, she could not have intended to waive a breach about which she knew nothing. At that point, JCD had already been notified – and would later be reminded – of Marriott's refusal to ignore this new breach of this new contract.

6. *Conclusion.*

JCD will take nothing from Marriott.

Signed on November 25, 2016, at Houston, Texas.

                                                Lynn N. Hughes
                                      United States District Judge